Charles R. Williamson, Esq.
OSB #701612
charlie@crwpdor.com
1434 SE Umatilla St.
Portland, OR 97202-7137
Telephone: (503) 206-4911
Facsimile: (503) 206-7935

Andrew Z. Tapp (FBN 68002)
Pro Hac Vice
andrew@metropolitan.law
Metropolitan Law Group, PLLC
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
Telephone: (813) 228-0658
Facsimile: (813) 330-3129

ATTORNEYS FOR PLAINTIFFS

FILED16 DEC '25 11:01USDC-ORP

## UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **OREGON AFGHAN HALAL MARKET, LLC**, an Oregon Limited Liability Company d/b/a **OREGON AFGHAN HALAL MARKET**,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br><br>Defendant. | CASE NO. 3:25-CV-2339-AN<br><br>**COMPLAINT** |

The Plaintiff, OREGON AFGHAN HALAL MARKET, LLC, AN OREGON LIMITED LIABILITY COMPANY d/b/a OREGON AFGHAN HALAL MARKET, by and through its undersigned counsel and hereby file this Complaint against the UNITED STATES OF AMERICA upon the grounds set forth herein, and in support thereof, states as follows:

COMPLAINT - 1

#114892

## FACTUAL BACKGROUND

1. The Plaintiff is a retail food store in Portland, Oregon, named Oregon Afghan Halal Market, LLC, an Oregon Limited Liability Company d/b/a Oregon Afghan Halal Market (hereinafter "Oregon Afghan"). The store is dedicated to the retail sale of primarily staple food items to the Plaintiff's customers.

2. Located in Portland, Oregon, Oregon Afghan serves a community with a high percentage of households in the Supplemental Nutrition Assistance Program ("SNAP", formerly the "Food Stamp Program").

3. Accordingly, Oregon Afghan began accepting Electronic Benefit Transfers (or "EBT") to serve the local community better and increase its attractiveness to SNAP customers. These SNAP customers eventually became a substantial share of the store's total clientele, responsible for a substantial portion of the store's gross revenue on EBT alone. In addition to EBT, the SNAP clientele accounts for an even larger portion of the gross revenue as they conduct significant non-SNAP transactions as well for ineligible items.

4. On July 9, 2025, the USDA, through the FNS, issued a Charge Letter to the Plaintiff wherein the Store was charged by the Defendant for the sale of ineligible items on SNAP. The Defendant indicated they were seeking a six-month disqualification of the Plaintiff from the program.

5. The Plaintiff refuted the allegations in so far as they warranted a disqualification, and presented a defense against disqualification, but in a letter dated July 25, 2025, the Agency issued a six-month disqualification of the Plaintiffs.

6. Accordingly, on July 30, 2025, the Plaintiff timely filed for an Administrative Review of the Department's decision to disqualify them for six months, as permitted by 7 C.F.R.

COMPLAINT - 2

§279, and requested reconsideration of their disqualification.

7. The Administrative Review Division of the USDA responded to the Plaintiffs' appeal in a letter and opinion dated September 29, 2025, which was received on November 17, 2025. The USDA's Final Agency Decision is attached as Exhibit "A." The Plaintiff's administrative appeal was denied.

8. This Judicial Appeal has been filed timely and seeks the reversal of the USDA's current decision to disqualify the Plaintiffs for six (6) months from participating as a SNAP retailer.

## JURISDICTION AND VENUE

9. The Plaintiffs bring this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C. §§ 2011 – 2036(c).

10. This Court has subject matter jurisdiction over the matters raised by the Plaintiffs in this case pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7. Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

11. Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13), and 28 U.S.C. §1391(b) as this Plaintiff's business is owned and operated in Portland, Multnomah County, Oregon and because the facts giving rise to the circumstances herein occurred in the United States District Court for the District of Oregon.

## PARTIES

12. The Plaintiff, OREGON AFGHAN HALAL MARKET, LLC, AN OREGON LIMITED LIABILITY COMPANY d/b/a OREGON AFGHAN HALAL MARKET operates at 2929 SE Powell Blvd., Ste. 1, Portland, OR 97202-2066. OREGON AFGHAN HALAL

COMPLAINT - 3

MARKET, LLC, AN OREGON LIMITED LIABILITY COMPANY d/b/a OREGON AFGHAN HALAL MARKET, is referred to herein as "Oregon Afghan" and as "Plaintiff".

13. The Defendant, the UNITED STATES OF AMERICA, acting through its agency, the United States Department of Agriculture (hereinafter referred to as the "USDA" or "Department"), and its subservice, the Food and Nutrition Service (hereinafter referred to as "FNS").

## GENERAL ALLEGATIONS

14. The Supplemental Nutrition Assistance Program (SNAP) is a government program operated pursuant to Title 7 United States Code, Chapter 51, and codified more specifically as 7 U.S.C. §§2011-2036(c).

15. The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet the financial need requirements. SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based on the needs of their household. These benefits are transmitted to, and utilized by the participant, through an Electronic Benefits Transfer (EBT) card, which conceptually functions similar to a debit card.

16. The benefits are to be used by the participant only for the purchase of food and other eligible items sold by approved SNAP retailers, such as Oregon Afghan.

## SNAP VIOLATION REGULATIONS AND POLICIES

17. SNAP retailers are governed by the Defendant through 7 C.F.R. §278.6, which sets out the guidelines for disqualification or suspension of retailers who violate SNAP regulations and to some degree, defines what those violations are. In pertinent part, and relied upon by the Defendant in issuing the suspension in this case, is §278.6(5) and (6):

> "[The Department may] disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have

COMPLAINT - 4

committed violations such as but not limited to the sale of common nonfood items *due to carelessness or poor supervision by the firm's ownership or management.*" 7 U.S.C. §278.6(5) (2009) (emphasis added).

18. The regulation clearly draws a line between violations that result from an employee's malicious or incidental mistakes that occur despite reasonable efforts and oversight from ownership/management and those that result from the poor handling of the company and its employees by the management/ownership. Effectively, the regulation seeks only to sanction those stores where the ownership or management has created an environment to permit violations to fester or occur uninhibited.

19. In this instant action, the Defendant has alleged that the Plaintiff committed transactions that amount to the selling of ineligible common non-food items (also referred to as "minor ineligible items") in EBT transactions. Such allegations were based upon unsworn statements of an unidentified investigator.

20. In all, the Charge Letter claims that the Plaintiff allegedly refused to sell a number of ineligible items on EBT, though purportedly sold ineligible items to the Contract Investigator, who is a *third-party* contractor for the Food and Nutrition Service, United States Department of Agriculture.

21. Notably, neither the Charge Letter (which instituted the Agency action) nor the proceedings before the Administrative Review Office offered any evidence or allegation that the store's ownership or management was careless or neglectful in their supervision and operation of the store, nor was evidence provided showing such shortcomings in the oversight of the employees.

22. At no time was the store owner or manager neglectful or careless in the operation of the store.

23. As such, the determination that neglect or carelessness on the part of the

COMPLAINT - 5

management/ownership existed was without evidence of support and ultimately based on either insufficient information or arbitrary standards.

### ISSUANCE OF HARDSHIP CIVIL MONEY PENALTIES

24. With respect to the issuance of Civil Money Penalties in lieu of suspensions, 7 U.S.C. §278.6 permits the Department to issue a hardship civil money penalty. As noted by the District of Oregon in *Plaid Pantry Stores, Inc. vs. U.S.*, 612 F.Supp. 680, 684 (D. Oregon 1985) in drafting the Food Stamp Act and the statutes upon which the Defendant now operates and under which this case arises, "Congress believed that civil money penalties should be the normal penalty instead of disqualification."

25. Nevertheless, it appears that the Agency did not evaluate that option in this matter, nor did it consider a warning letter as provided under 7 C.F.R. §278.6(e)(7), where the violations were too limited to warrant further agency action.

### COUNT I: REQUEST FOR JUDICIAL REVIEW

26. The Plaintiff incorporates and restates each and every paragraph set forth above as though fully set forth herein.

27. The Plaintiff, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7, have the right to and hereby do, request a *trial de novo* judicial review of the six (6) month suspension issued by the Defendant against the Plaintiff.

28. The initial administrative decision, in addition to the Final Agency Decision rendered upon the Administrative Appeal, errantly found that the Plaintiff had committed SNAP regulation violations due to accepting SNAP benefits in exchange for "common ineligible non-food items."

29. The store denies that the transactions occurred as described by the Agency.

COMPLAINT - 6

30. Furthermore, the Final Agency Decision wrongly determined that the store's ownership and/or management was careless or neglectful in its operation of the firm and oversight of the clerks.

31. The Plaintiff's management and ownership have been diligent in operating the store and overseeing employees.

32. Even if the transactions had occurred as described by the Defendant, they were in no way the result of ownership of managerial carelessness or neglect. The store is thorough and careful in its training, but cannot be omniscient or omnipresent for every transaction.

33. Both the finding of a sale of ineligible items and that such sale was the result of managerial or ownership neglect or carelessness were erroneous and warrant reversal.

34. Furthermore, the Plaintiff has never been afforded an opportunity to cross-examine the third-party investigator, nor have they been permitted to review the Administrative Record and respond to the allegations and evidence set forth therein.

35. As such, the Defendant, acting through its department and sub-departments in the USDA, improperly and impermissibly suspended the Plaintiff from participation in SNAP for six (6) months.

36. Therefore, the six (6) month disqualification against the Plaintiff should be set aside by this Court in favor of the issuance of a warning letter, and the Plaintiff's status as an approved SNAP retailer should be reinstated.

**WHEREFORE**, the Plaintiff, OREGON AFGHAN HALAL MARKET, LLC, AN OREGON LIMITED LIABILITY COMPANY d/b/a OREGON AFGHAN HALAL MARKET, respectfully request this Honorable Court conduct a Judicial Review of the Defendant's six (6) month disqualification of the Plaintiff and subsequently enter Judgment against the Defendant for

COMPLAINT - 7

improperly disqualifying the Plaintiff for six (6) months, as well as awarding the Plaintiff the attorney's fees and costs incurred in this action.

### COUNT II: ARBITRARY AND CAPRICIOUS SANCTION

37. The Plaintiff hereby incorporates and restates paragraphs 1 through 25 above as though more fully set forth herein.

38. The Defendant has issued a series of internal policies which, in pertinent part, are designed to outline the system of punishments and sanctions for violations of the SNAP program by authorized retailers.

39. The policies themselves draw arbitrary lines between numbers of ineligible items and transactions, which fail to take into consideration the volume of visits made by an investigator or a confidential informant.

40. In any case, the Defendant lacked substantial evidence to indicate that the alleged violations arose to the level of carelessness and/or poor supervision on the part of the Plaintiff which would indicate a failure at the managerial level to supervise employees as required under the applicable regulations to support a six (6) month disqualification.

41. As such, the transactions qualify as inadvertent in nature, and given the other evidence in the administrative record, the Defendant's internal policies required a warning letter to be issued rather than a suspension.

**WHEREFORE**, the Plaintiff, OREGON AFGHAN HALAL MARKET, LLC, AN OREGON LIMITED LIABILITY COMPANY d/b/a OREGON AFGHAN HALAL MARKET, respectfully request this Court set aside the Defendant's suspension of the Plaintiff from participating in the SNAP program, as well as award the Plaintiff attorney's fees and costs incurred in this action.

COMPLAINT - 8

## COUNT III: IN THE ALTERNATIVE, JUDICIAL REVIEW OF DENIAL OF CIVIL MONEY PENALTY

42. The Plaintiffs hereby incorporate and restate paragraphs 1 through 25 above as if more fully set forth herein.

43. The Plaintiffs timely requested the Department to issue a Hardship Civil Money Penalty in lieu of a six (6) month disqualification, as the impact on the local community would be significant in the absence of Oregon Afghan's ability to accept EBT.

44. The Defendant subsequently denied the request, leaving the matter for Judicial Review pursuant to 7 U.S.C. §2023.

45. Review of the Defendant's decision to issue (or decline) a civil money penalty is subject to *de novo* judicial review so that the Court has the opportunity to evaluate the evidence independently. *See Affum v. U.S.*, 566 F.3d 1150, 1160 (D.C. Cir. 2009).

46. As such, the Plaintiff request this Court review their request for the issuance of a hardship civil money penalty as permitted by law and to issue said penalty if it is found to be appropriate, instead of any sanction resulting from the Court's decision in Count I of this Complaint.

**WHEREFORE**, the Plaintiff, OREGON AFGHAN HALAL MARKET, LLC, AN OREGON LIMITED LIABILITY COMPANY d/b/a OREGON AFGHAN HALAL MARKET, respectfully request this Honorable Court enter Judgment reversing the Defendant's decision not to issue a hardship civil money penalty and instead instruct the Defendant to issue such penalty in the event a suspension is upheld under Count I, as well as awarding the Plaintiff attorney's fees and costs incurred in this action.

This matter has been respectfully submitted to the Court by the undersigned attorneys and shall be served upon the Defendant in the manner prescribed by the Federal Rules of Civil

COMPLAINT - 9

Procedure, 7 C.F.R. §279 and 7 U.S.C. §2023, as will be evidenced by the proof of service filed with the Court hereafter.

Dated: December 15, 2025         Respectfully submitted,

/s/ *Charles R. Williamson*
Charles R. Williamson, Esq.
OSB # 701612
1434 SE Umatilla St.
Portland, OR 97202-7137
Telephone: (503) 206-4911
Facsimile: (503) 206-7935
Email: charlie@crwpdor.com

-and-

Andrew Z. Tapp, Esq.
Florida Bar Number: 68002
*Pro Hac Vice*[1]
Metropolitan Law Group, PLLC
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
Telephone:   (813) 228-0658
Fax:         (813) 330-3129
Email: Andrew@Metropolitan.law

**COUNSEL FOR PLAINTIFF**

---

[1] Motion for Pro Hac Vice to be filed promptly.

COMPLAINT  -  10

**Exhibit A**



**United States Department of Agriculture**

Food and Nutrition Service

Supplemental Nutrition Assistance Program

Retailer and Issuance Policy and Innovation Division

Administrative Review Branch

1320 Braddock Place, 5th Floor, Alexandria, VA 22314

Fax: (844) 387-1337

Mya.dupree@usda.gov

September 29, 2025

Asda    Asghari, Abdull Salam, Owners
Oregon Afghan Halal Market
2929 SE Powell Blvd, Ste 1
Portland, OR 97202-2066

Re: Case Number – C0298667

Dear Store Owners:

Enclosed is the Final Agency Decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS) in response to your request for an administrative review dated July 30, 2025. Also included therein is a statement regarding your rights to a judicial review.

It is the final decision of the USDA that a six-month disqualification from participation as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP) was properly imposed against Oregon Afghan Halal Market by FNS's Retailer Operations Division.

In accordance with the Food and Nutrition Act of 2008, as amended, and SNAP regulations, the disqualification penalty shall become effective 30 days after receipt of this letter. A new application for SNAP participation may not be submitted until 10 days prior to the expiration of the six-month disqualification period.

Sincerely,

MYA DUPREE
Administrative Review Officer

Enclosure

U.S. Department of Agriculture
Food and Nutrition Service
Administrative Review Branch

Oregon Afghan Halal Market,

Appellant,

v.

Retailer Operations Division,

Respondent.

Case Number: C0298667

## FINAL AGENCY DECISION

It is the decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS) that a six-month disqualification from participation as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP) was properly imposed against Oregon Afghan Halal Market (hereinafter "Appellant") by FNS's Retailer Operations Division.

## ISSUE

The issue accepted for review is whether the Retailer Operations Division took appropriate action, consistent with Title 7 Code of Federal Regulations (CFR) Part 278, in its administration of SNAP when it imposed a six-month disqualification against Afghan Halal Market.

## AUTHORITY

7 U.S.C. § 2023 and its implementing regulations at 7 CFR § 279.1 provide that "[A] food retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 . . . may file a written request for review of the administrative action with FNS."

## CASE CHRONOLOGY

FNS records show that the Appellant firm, Oregon Afghan Halal Market, was initially authorized for SNAP participation as a convenience store on May 30, 2023. Between March 22, 2025, and April 11, 2025, an FNS contractor conducted an undercover investigation at the firm to ascertain its compliance with Federal SNAP laws and regulations. The investigation report documented that staff at Afghan Halal Market accepted SNAP benefits in exchange for ineligible merchandise on three separate occasions. According to the report, the Appellant firm sold a mini food processor in exchange for SNAP benefits, which benefits may only be used for the purchase of eligible food.

1

In a letter dated July 9, 2025, the Retailer Operations Division charged the Appellant with violating SNAP regulations at 7 CFR § 278.2(a). The charge letter stated that the acceptance of SNAP benefits in exchange for ineligible merchandise warranted a disqualification from SNAP for a period of six months pursuant to 7 CFR § 278.6(e)(5). The letter further stated that under certain conditions and in accordance with § 278.6(f)(1), FNS may impose a civil money penalty (CMP) in lieu of disqualification.

In an email dated July 15, 2025, Appellant requested a reconsideration of the penalty, because the firm has changed ownership. Also, the firm has made significant improvements.

After considering the Appellant's response and further evaluating the evidence in the case, the Retailer Operations Division issued a determination letter dated July 25, 2025. This letter informed the Appellant that it was the determination of the Retailer Operations Division that violations did occur as outlined in the charge letter and that a six-month disqualification penalty would be imposed in accordance with 7 CFR § 278.6(a) and (e). The determination letter also stated that consideration for a hardship civil money penalty was given, but the Appellant was not eligible for a CMP because there were other authorized stores in the area selling as large a variety of staple foods at comparable prices.

In an email dated July 30, 2025, the Appellant appealed the agency's determination by requesting an administrative review. The request was granted and the case was assigned to an administrative review officer. Implementation of the disqualification has been held in abeyance pending the completion of this review.

## STANDARD OF REVIEW

In an appeal of an adverse action, such as disqualification from SNAP participation, an appellant bears the burden of proving by a preponderance of the evidence that the administrative action should be reversed. This means that an appellant has the burden of providing relevant evidence which a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

## CONTROLLING LAW AND REGULATIONS

The controlling law in this matter is found in the Food and Nutrition Act of 2008, as amended (7 U.S.C. § 2021), and promulgated through regulation under Title 7 CFR Part 278. In particular, 7 CFR § 278.6(a) and (e)(5) establish the authority upon which a six-month disqualification may be imposed against a retail food store or wholesale food concern.
7 CFR § 278.2(a) states, in part:

> [SNAP benefits] may be accepted by an authorized retail food store only from eligible households...only in exchange for eligible food.

2

**7 CFR § 271.2** states, in part:

> Eligible foods means: Any food or food product intended for human consumption except alcoholic beverages, tobacco, and hot food and hot food products prepared for immediate consumption...

**7 CFR § 278.6(a)** states, in part:

> FNS may disqualify any authorized retail food store...if the firm fails to comply with the Food and Nutrition Act of 2008, as amended, or this part. Such disqualification shall result from a finding of a violation on the basis of evidence that may include facts established through on-site investigations.... **Disqualification shall be for a period of 6 months to 5 years for the firm's first sanction;** for [a] period of 12 months to 10 years for a firm's second sanction; and disqualification shall be permanent for a disqualification based on paragraph (e)(1) of this section. [Emphasis added.]

**7 CFR § 278.6(c)** states, in part:

> The letter of charges, the response, and any other information available to FNS shall be reviewed and considered by the appropriate FNS regional office, which shall then issue the determination...

**7 CFR § 278.6(e)** states, in part:

> FNS shall take action as follows against any firm determined to have violated the Act or regulations...The FNS regional office shall:
>
> (5) Disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management.

**7 CFR § 278.6(f)(1)** states, in part:

> FNS may impose a civil money penalty as a sanction in lieu of disqualification when the firm subject to a disqualification is selling a substantial variety of staple food items, and the firm's disqualification would cause hardship to [SNAP] households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices.

3

## INVESTIGATION DETAILS

During an undercover investigation conducted between March 22, 2025, and April 11, 2025, an FNS contractor completed three (3) compliance visits at Oregon Afghan Halal Market. The agency's record indicates that a report of the investigation was provided to the Appellant as an attachment to the July 9, 2025, charge letter. The investigation report includes Exhibits A through C, and provides full details on the results of each compliance visit. SNAP violations were documented during one (1) of the three (3) visits; specifically, the exchange of ineligible nonfood merchandise for SNAP benefits.

The report indicates that in Exhibit A and C, the clerk refused to sell the investigator a coffee bean grinder and metal spoons with SNAP benefits. In Exhibit C, refused to allow an exchange of SNAP benefits for cash (i.e. trafficking). The charge letter states that the violations that occurred in Exhibits B warrant a disqualification from SNAP for six months pursuant to 7 CFR § 278.6(e)(5).

## APPELLANT'S CONTENTIONS

The Appellant made the following summarized contentions in its request for administrative review, in relevant parts:

- The Appellant stated that there was a change in ownership. The person involved with the violation is no longer affiliated with the firm.
- The firm also has new management. Also, Appellant has implemented enhanced staff training, stricter inventory and transaction monitoring, and internal audit procedure to ensure SNAP compliance.
- Appellant is a vital resource for the community. Disqualification would harm the business and impact SNAP household in the community.

In support of these contentions, Appellant provided an Operating Agreement and an Asset Purchase Agreement.

The preceding may represent only a summary of the Appellant's contentions presented in this matter. However, in reaching a decision, full attention was given to all contentions submitted, including any not specifically summarized or explicitly referenced in this document.

## ANALYSIS AND FINDINGS

The Appellant has not provided any information or evidence to counter FNS's investigation report. In fact, the Appellant appears to acknowledge that violations occurred. Because the violations themselves do not appear to be in dispute, it is the finding of this review that SNAP violations likely occurred as charged and a penalty is warranted. The balance of this review will examine the Appellant's remaining relevant contentions.

4

### Remedial Actions Taken

The Appellant contends that it has taken several corrective measures to ensure that SNAP violations do not happen again, including retraining its employees, transaction monitoring, and internal audit procedure. Also, the ownership and management of the firm has changed to remove the individuals involved in the violations.

Regarding the steps taken by the Appellant, it must be made clear that this review is limited to the facts that existed at the time the violations were committed. This review has no authority to consider any subsequent remedial actions, such as retraining employees, that may have been taken or that will take place so that a store may enhance or begin to comply with program requirements. In addition, there are no provisions in the SNAP regulations for a waiver or reduction of an administrative penalty based on alleged or planned corrective actions implemented after the discovery of program violations. Accordingly, the Appellant's remedial actions do not provide a valid basis for dismissal or modification of the disqualification determination.

### Hardship to Appellant

The Appellant contends that a six-month disqualification would cause a financial hardship to the firm. Regarding this contention, SNAP regulations do not permit this review to consider dismissing or modifying a disqualification penalty based on possible economic hardship to either the ownership personally or to the firm itself. To allow an exemption from penalties based on a purported financial hardship to the firm or its ownership would render virtually meaningless the provisions of the Food and Nutrition Act of 2008 and the enforcement efforts of USDA. Moreover, giving special consideration to economic hardship to the firm would forsake fairness and equity, not only to competing stores and other participating retailers that are complying fully with program requirements, but also to those retailers that have been disqualified from SNAP for similar violations.

### Hardship to SNAP Households / Civil Money Penalty

In Appellant's administrative review request, it argued that a disqualification from SNAP would be harmful to the community. To address potential difficulties that SNAP households might incur when a firm is disqualified, regulations at 7 CFR § 278.6(f)(1) allow, in limited circumstances, for a civil money penalty to be imposed instead of disqualification. Specifically, the regulation states that a CMP is permitted when a firm's disqualification would cause "hardship" to SNAP households.

While it is recognized that some degree of inconvenience to SNAP recipients is likely whenever a retail food store is disqualified for a period of time and households are forced to use their benefits elsewhere, such inconvenience does not rise to the level of "hardship" unless there are no comparable SNAP authorized stores in the area at which customers can shop. The regulation states that hardship to SNAP households occurs when there is "no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices" (emphasis added); in such circumstances, a CMP in lieu of disqualification may be considered.

5

It is the determination of this review that a disqualification of Oregon Afghan Halal Market, a medium grocery store, would not cause hardship to SNAP households because there are other shopping options in the area. According to agency records, there are ten (10) similarly stocked or larger SNAP-authorized retail stores located within a one-mile radius of Oregon Afghan Halel Market including a large grocery store and several supermarkets. Because hardship conditions do not exist in this case, a CMP in lieu of disqualification cannot be granted.

## CONCLUSION

Based on a review of all available information in this case, this administrative review finds through a preponderance of the evidence that program violations of 7 CFR § 278.2(a) did occur at Oregon Afghan Halal Market during a USDA-contracted investigation. All transactions cited in the charge letter are thoroughly documented. A review of this documentation has yielded no indication of error or discrepancy in any of the reported findings. Rather, the investigative record appears to be specific and accurate regarding the dates of the violations, including the exchange of SNAP benefits for ineligible, nonfood merchandise, and in all other critically pertinent details. Furthermore, the contentions presented by the Appellant do not persuade this review to dismiss or modify the penalty in any way. Therefore, pursuant to 7 CFR § 278.6(a) and (e)(5), the decision to impose a six-month disqualification against the Appellant, Afghan Halal Market, is sustained.

In accordance with the Act and regulations, the disqualification penalty shall become effective 30 days after receipt of this decision. A new application for SNAP authorization may be submitted 10 days prior to the expiration of the six-month disqualification period.

## RIGHTS AND REMEDIES

Applicable rights to a judicial review of this decision are set forth in Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. § 2023) and in Section 279.7 of the SNAP regulations. If a judicial review is desired, the complaint, naming the United States as the defendant, must be filed in the U.S. District Court for the district in which the Appellant owner resides or is engaged in business, or in any court of record of the State having competent jurisdiction. If a complaint is filed, it must be filed within 30 days of receipt of this decision. The judicial filing timeframe is mandated by the Act and this office cannot grant an extension.

Under the Freedom of Information Act, we are releasing this information in a redacted format as appropriate. FNS will protect, to the extent provided by law, personal information that could constitute an unwarranted invasion of privacy.

MYA DUPREE                                                      September 29, 2025
Administrative Review Officer

# LaJeana Deane

**Subject:** FW: Oregon Afghan Halal Market_C0298667_Final Agency Decision
**Attachments:** Oregon Afghan Halal Market_C0298667_SustDecNo14_09292025_mld.pdf

---------- Forwarded message ----------
From: **SM.FN.SNAP-ARB** <SM.FN.SNAP-ARB@usda.gov>
Date: Mon, Nov 17, 2025 at 1:07 PM
Subject: Oregon Afghan Halal Market_C0298667_Final Agency Decision
To: afghanhalal2929@gmail.com <afghanhalal2929@gmail.com>

Hello,

USDA has completed its administrative review of your case. Please see the attached Final Agency Decision (FAD) for full details. For our records and for potential judicial review purposes, an e-mail delivery receipt feature is being used to confirm delivery of the FAD. If the adverse action against your store has been sustained, the 30-day clock for filing a request for a judicial review will begin on the day the FAD has been delivered to your e-mail mailbox.

NOTE: We apologize for the delay in the delivery of this Final Agency Decision. The decision in this case was issued by the Administrative Review Officer just prior to the government shutdown, and we did not have sufficient time to process it before the shutdown occurred on October 1, 2025.

Thank you,

Administrative and Judicial Review Branch
Retailer Policy Division
Supplemental Nutrition Assistance Program

**USDA**
U.S. DEPARTMENT OF AGRICULTURE
Food and Nutrition Service
1320 Braddock Place
Alexandria, VA 22314
SM.FN.SNAP-ARB@usda.gov

1

This electronic message contains information generated by the USDA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.

2